**Donald GRANBERRY, Appellant**

v.

**CHAIRMAN OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE; Secretary, Pennsylvania Department of Corrections; PA Dept. of Corrections Records Officer; Superintendent Brooks of Sci Albion.**

No. 10–1514.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 1, 2010.

Opinion filed Oct. 6, 2010.

Donald Granberry, Erie, PA, pro se.

Scott A. Bradley, Esq., Kemal A. Mericli, Esq., Paul R. Scholle, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for PA Bd Probation and Parole, PA Department of Corrections, Superintendent Brooks of Sci Albion.

Before: SLOVITER, CHAGARES and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Appellant Donald Granberry, formerly a prisoner incarcerated at the State Correctional Institution at Albion ("SCI–Albion"), appeals the grant of summary judgment to the defendants in his civil rights action. For the reasons that follow, we will affirm.

In March and September of 1984, Granberry was sentenced in the Erie County Court of Common Pleas to several years of imprisonment to be followed by a term of probation of 8 years. Granberry was released at some point and began serving his term of probation, but violated that probation. Granberry was arrested on a bench warrant on September 6, 1990. His probation was revoked and he was sentenced on September 25, 1990 to a term of imprisonment of 7½–15 years. On December 3, 1990, he was sentenced on new charges to a term of imprisonment of 10–24 months, to be served consecutively to the probation revocation sentence.

On July 6, 1992, the Superior Court of Pennsylvania vacated the probation revocation sentence and remanded for re-sentencing. On July 31, 1992, Granberry was re-sentenced to a new probation revocation term of imprisonment of 5–15 years. On August 12, 1992, the State Correctional Institution at Pittsburgh ("SCI–Pittsburgh"), where Granberry then was incarcerated, issued a Sentence Status Change Report, which indicated that the new probation revocation sentence would run consecutive to the 10–24 month sentence, for a total sentence of 5 years, 10 months–17 years.

In 1998 and 1999, Granberry was paroled but he evidently was re-committed on one or more technical parole violations. On September 21, 2005, Granberry was granted re-parole by the Pennsylvania Board of Probation and Parole and given a re-parole release date of October 11, 2005. Prior to this scheduled release date, Department of Corrections Records Specialist Beth Klauk reviewed Granberry's file and so did Records Supervisor Cheryl Gill. On October 7, 2005, Gill independently discovered that Granberry's maximum sentence had expired 31 days earlier on September 6, 2005. The Parole Board was notified and immediately issued a Notice of Action to reflect that Granberry's maximum sentence date was September 6, 2005. Granberry was released on October 7, 2005.

It is undisputed that the error came about in the following way. Prior to the Superior Court vacating the 7½–15 year probation revocation sentence, which by itself would have come to an end on September 6, 2005, Granberry had to serve the consecutive 10–24 month sentence on the new charges. His maximum date was September 6, 2007. When the state judge re-sentenced Granberry on July 31, 1992 to a new 5–15 year probation revocation sentence following the Superior Court's order vacating the original sentence, the judge did not specify that the new sentence was to run consecutive to the 10–24 month sentence imposed on December 3, 1990; so, by operation of law, *cf.* 42 Pa. Cons.Stat. Ann. § 9757 (authorizing consecutive sentences where ordered by sentencing judge), it was deemed to run concurrent. Granberry's new maximum date thus should have been September 6, 2005, exactly 15 years from the date when he was arrested on the bench warrant. A records review would have been conducted

in 1998 and 1999 by SCI–Albion officials when Granberry was first paroled, but the records specialists who conducted those reviews did not catch the mistake in the calculation of Granberry's maximum date.

On October 9, 2007, Granberry filed an *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983 in United States District Court for the Western District of Pennsylvania, which he later amended, against the Parole Board and the John Doe records specialists at SCI–Albion, seeking $20,000 in damages for violations of his Fourth, Fourteenth, and Eighth Amendment rights. In his amended complaint, he appeared to overlook the concurrency issue as it related to his maximum release date and instead focused on an argument that he did not receive full credit against his probation revocation sentence from the date of his arrest on the bench warrant. Granberry contended that he had been held three years beyond his maximum date. Discovery ensued and Granberry was deposed.

At the conclusion of discovery, the defendants moved for summary judgment. First, they conceded that Granberry had been held 31 days beyond his maximum release date. Nevertheless, they denied liability, in part contending that, although a mistake had been made, there was no showing of deliberate indifference as required to make out a constitutional violation, *see Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir.1989) (unjustified deprivation of liberty is cruel and unusual punishment but showing of deliberate indifference is required). Moreover, the defendants immediately released Granberry upon discovery of the mistake. Second, the claim of error relating to the failure to give him a credit against his probation revocation sentence was frivolous.

Granberry submitted a brief in opposition to the summary judgment motion, and following that, the Magistrate Judge is-sued a Report and Recommendation, in which she recommended that the defendant's motion be granted. In an order entered on February 5, 2010, the District Court adopted the Magistrate Judge's Report as the Opinion of the Court, granted the defendants' motion, and awarded summary judgment in their favor. Granberry appeals.

We will affirm. Our review of the District Court's grant of summary judgment is plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed. R. Civ. Pro. 56(c)(2). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of material fact is one that could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We agree that summary judgment for the defendants was proper. In his informal brief on appeal, as in his brief in opposition to the summary judgment motion, Granberry contends that in 1992 he was called into the Records Office at SCI–Pittsburgh, where he then was incarcerated, and given a new institution/inmate number. In doing this, records officials, according to Granberry, then mistakenly ran his new probation revocation sentence of 5–15 years from the date he was re-sentenced in 1992, instead of from the date of his arrest in 1990. We reject this argument as unpersuasive. The record leaves no room for doubt that Granberry was given full credit against his probation revocation sentence for the time he served

from September 6, 1990, the date of his arrest on the bench warrant, until July 31, 1992, the date he was re-sentenced on the probation violation. The specific sentence credit claim argued by Granberry has no arguable factual basis. A 31–day error was made, resulting from the concurrency issue (which the defendants concede), but there is no basis for Granberry's assertion that a miscalculation caused him to serve an additional 2½–3 years of prison time.

■ We have held that imprisonment beyond one's term—even 31 days—may constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *Sample*, 885 F.2d at 1110. *See also Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir.1993). To make out an Eighth Amendment violation, a prisoner must show that the defendants acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To act with deliberate indifference is to recklessly disregard a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Because the standard is recklessness, "prison officials who actually knew of a substantial risk to a prisoner's protected right may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S.Ct. 1970.

In opposing the defendant's motion, Granberry failed to submit any evidence to show a genuine issue for trial with respect to whether the defendants acted recklessly in not releasing him 31 days sooner. *See Sample*, 885 F.2d at 1110 (no Eighth Amendment liability in absence of showing of deliberate indifference on part of defendants to whether prisoner suffered an unjustified deprivation of his liberty). The record was fully developed (notwithstanding Granberry's bald assertion that documents were not produced in discovery), and it establishes that the defendants did not discover the 31–day mistake until October 7, 2005. Granberry was released on that very day. None of Granberry's prior complaints in state court or anywhere else about a missing, multiple-years credit against his probation revocation sentence would have alerted the defendants to the concurrency issue that arose when Granberry was re-sentenced in July of 1992.[1] At most, Granberry established a triable issue of negligence insofar as some DOC records official, not necessarily the named defendants,[2] failed to discover the error in time to prevent *any* unjustified deprivation of his liberty, but allegations of negligence alone will not suffice to make out a constitutional tort, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The mistake made is regrettable but does not entitle Granberry to money damages.

■ Secretary Jeffrey A. Beard, Chairman Catherine McVey, and Superintendent Marilyn Brooks had no personal involvement in the events and were entitled to judgment in their favor. *See Rizzo v. Goode*, 423 U.S. 362, 375–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). *See also Rode v.*

---

1. In addition to the credit Granberry pursued in the district court on the basis of having been wrongly assigned a new institution/inmate number, he also apparently sought a credit in state court against his probation sentence for time served in prison.

2. In *Sample*, the magistrate judge found, and we agreed that the record supported the finding, that the defendant senior records officer had the responsibility to review the plaintiff

prisoner's sentencing status and the authority to direct his release. 885 F.2d at 1110–11. In Granberry's case, because he failed to show a genuine issue for trial concerning whether any of the records specialists defendants were deliberately indifferent to the unjustified deprivation of his liberty, it was not necessary for the Magistrate Judge to reach the issue of who had responsibility for the alleged civil rights violation.

*Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988) (personal involvement can only be shown where supervisor directed actions of supervisees, or actually knew of the actions and acquiesced in them); *Sample,* 885 F.2d at 1118. In addition, the Magistrate Judge correctly determined that no Fourth or Fourteenth Amendment violation was stated, and the District Court properly affirmed the Magistrate Judge's order denying Granberry's motion for appointment of counsel, because the issues involved were not meritorious or complex, *see Tabron v. Grace,* 6 F.3d 147, 155–56 (3d Cir.1993).

For the foregoing reasons we will affirm the order of the District Court granting summary judgment to the defendants.